UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI V.,[1]<br><br>    Plaintiff<br><br>v.<br><br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:20-cv-02107-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.  PROCEDURAL HISTORY

Plaintiff Ani V. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10 and 13] and briefs [Dkt. 15 ("Pl. Br."), Dkt. 24 ("Def. Br."), Dkt 25 ("Reply")] addressing disputed issues in the case.  The matter is now ready for decision.  For the reasons discussed below, the Court finds that this matter should be

---

[1]  In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

remanded.

## II.    ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for DIB and SSI on March 17, 2017, alleging disability beginning May 27, 2014.  [Dkt. 12, Administrative Record ("AR") 15, 251-75.]  Plaintiff's applications were denied at the initial level of review and on reconsideration.  [AR 15, 160-70, 175-80.]  A hearing was held before Administrative Law Judge Elizabeth Stevens Bentley ("the ALJ") on January 8, 2020.  [AR 15, 39-58.]

On January 17, 2020, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability.  [AR 15-26]; *see* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).  [AR 15-30.]  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") since the alleged onset date.  [AR 18.]  At step two, the ALJ determined that Plaintiff has the following severe impairments:  degenerative disc disease of the cervical and lumbar spine; carpal tunnel syndrome, right upper extremity; and depression.  [AR 18.]  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations.  [AR 18]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), but she requires a sit/stand option such that she can sit for 15 minutes at a time before needing to stand and stand for 15 minutes at a time before needing to sit.  [AR 20.]  The ALJ also found Plaintiff is able to: occasionally climb ladders, ropes and scaffolds; frequently stoop, kneel, crouch and crawl; occasionally reach overhead bilaterally; frequently handle and finger with the right upper extremity; and perform simple, routine tasks.  [AR 20.]  At step four, the ALJ determined that Plaintiff is not able to perform any past relevant work.  [AR

28.] At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including representative jobs such as information clerk and assembler, small products. [AR 28-29.] Based on these findings, the ALJ found Plaintiff not disabled through the date of the decision. [AR 29-30.]

The Appeals Council denied review of the ALJ's decision on August 21, 2020. [AR 1-6.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

    1. The ALJ erred in finding that there were a significant number of jobs that Plaintiff could perform. [Pl. Br. at 2-3.]

    2. The ALJ failed to properly assess and reject the opinions of Plaintiff's treatment and examining sources. [Pl. Br. at 3-12.]

    3. The ALJ improperly evaluated Plaintiff's RFC. [Pl. Br. at 12-23.]

    4. The ALJ improperly rejected Plaintiff's testimony. [Pl. Br. at 23-25.]

The Commissioner asserts that the ALJ's decision should be affirmed. [Def. Br. at 1-18.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez*

*v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "the evidence is susceptible to more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.  DISCUSSION

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

Petitioner challenges the ALJ's evaluation of the medical opinions relating to her physical and mental impairments. [Pl. Br. 3-12.] Respondent contends that the ALJ reasonably evaluated the opinion evidence. [Def. Br. at 4-9.]

1.  Legal Standards

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *See Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).[2] In general, opinions of treating sources are entitled to the

---

[2]  The regulations governing the evaluation of medical evidence were amended for claims filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations change how the Social Security Administration considers medical opinions and eliminate the deference to treating source medical opinions. *See* 20 C.F.R. § 404.1520c(a); *see also* 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016). Because Petitioner's claims were filed on March 17, 2017, the Court does not apply the new regulations.

greatest weight, opinions of examining, non-treating sources are entitled to lesser weight, and opinions of non-examining, non-treating sources are entitled to the least weight. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31. An ALJ can satisfy this standard by "setting out a detailed and thorough summary of the facts and conflicting evidence, stating his [or her] interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751 (internal quotation marks and citation omitted).

2. The ALJ Failed to Properly Evaluate Dr. Grogan's Opinion

Having carefully reviewed the record, the Court finds the ALJ erred by mischaracterizing and failing to state legally sufficient reasons for rejecting the opinion of an examining orthopedic surgeon, Dr. Thomas Grogan.

In the decision, the ALJ misstated Dr. Grogan's opinion regarding Plaintiff's ability to sit, stand and walk. The ALJ stated: "[i]n a Physical Capacities form dated February 2, 2017, Dr. Grogan opined the claimant was able to stand and/or walk for zero to two hours in an eight-hour day [and] sit for zero to two hours in an eight-hour day." [AR 24.] However, a review of the Physical Capacities form reflects that Dr. Grogan opined that Plaintiff was able to: stand/walk 0 to 2 hours at *one time*, for a *total of 2 to 4 hours* in an 8-hour workday; and sit 0 to 2 hours at *one time*, for a *total of 4 to 6 hours* in an 8-hour workday. [AR 564 (emphasis added).] Thus, the ALJ erred in rejecting Dr. Grogan's assessment of Plaintiff's physical capacities.

The ALJ also failed to provide specific and legitimate reasons supported by substantial evidence for rejecting to Dr. Grogan's opinion. [AR 24.] The three reasons the ALJ provided for giving "little weight" to Dr. Grogan's opinion are addressed and rejected.

First, to the extent the ALJ found that "the extreme limitation[s] opined by Dr. Grogan [were] not consistent with [Plaintiff's] treatment record or imaging as noted above [in the decision]," her assessment is impermissibly broad and conclusory and "does not achieve the level of specificity" required to justify rejection of an examining physician's opinion. [AR 25]; *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) ("[m]erely to state that a medical opinion is not supported by enough objective findings does not achieve the level of specificity our prior cases have required") (internal quotation marks and citation omitted). "The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). While Defendant argues that Dr. Grogan's opinion is inconsistent with the opinions of Plaintiff's treating and examining physicians in certain respects [Def. Br. at 7], a conflict in the medical evidence merely triggers, rather than satisfies, the ALJ's obligation of providing specific and legitimate reasons supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."); *Chernick v. Comm'r of Soc. Sec.*, No. 1:19-CV-00160-JDP, 2020 WL 3542287, at *2 (E.D. Cal. June 30, 2020) ("[B]ecause the 'specific and legitimate' requirement is triggered by a conflict between the opinion and the record, it would make little sense if the ALJ could satisfy that standard by noting the existence of a conflict."). Moreover, Plaintiff's imaging records appear to support Dr. Grogan's opinion that Plaintiff suffers from facet arthropathy of the lower lumbar spine. [AR 563-64.] X-rays revealed positive facet changes throughout the lower lumbar spine. [AR 563.] In addition, MRIs of Plaintiff's spine revealed a 2 to 3 mm disc protrusion at C5-6 extending partially into the left neuroforaminal exit zone, a 1 to 2 mm midline disc protrusion at L1-2, disc desiccation and degeneration with a 3 to 4

mm disc protrusion at L3-4 impinging on and partially distorting the thecal sac, desiccation and degeneration with a 2 to 3 mm disc protrusion at L5-S1 extending to both neural foraminal exit zones, and scoliosis convex to the right. [AR 22, 583-86.]

Second, the ALJ asserted that Dr. Grogan opined that Plaintiff was "partially disabled through August 1, 2017," using criteria for determining disability under the workers' compensation system, rather than Social Security disability terminology. [AR 25.] This was not a specific and legitimate reason for rejecting Dr. Grogan's opinion. An ALJ "may not disregard a ... medical opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings." *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002); *Lester*, 81 F.3d at 830 ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them.").

Third, the ALJ asserted that "the determination of disability is an issue reserved to the Commissioner." [AR 25.] However, "[i]n disability benefits cases ... physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted); *Holohan*, 246 F.3d at 1202 (same). Thus, the ALJ was not entitled to reject Dr. Grogan's opinion simply because he gave an opinion that Plaintiff was "partially disabled." [AR 25.]

Accordingly, the Court finds the ALJ failed to provide specific and legitimate reasons for discrediting Dr. Grogan's opinion and the ALJ's decision denying benefits is not supported by substantial evidence.

### V.    REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). "Remand for further

proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"). But "[w]here '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand,'" it is appropriate to exercise this discretion to direct an immediate award of benefits. *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison*, 759 F.3d at 1020).

Here, remand is required because the ALJ failed to properly evaluate Dr. Grogan's opinion and there are outstanding issues that must be resolved before a final determination can be made. On remand, the ALJ should reconsider Dr. Grogan's opinion, explain the weight afforded to that opinion, and provide legally sufficient reasons for rejecting any portion of that opinion.

Having found that remand is warranted, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## VI. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further

administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED: July 12, 2022

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE